JOHN M. EDMOND, PLAINTIFF-RESPONDENT, v. FRED-
ERICK NEUBERGER, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided January 5, 1934.

For the plaintiff-respondent, *Saul R. Alexander*.

For the defendant-appellant, *Milton Schamach (Paul Rit-
tenberg,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment,
based on a jury verdict, in favor of the plaintiff-respondent,
and against defendant-appellant, in the sum of $2,000.

The grounds of appeal are that the trial court erred in re-
fusing to nonsuit the respondent and to direct a verdict in
favor of the appellant. We think that the appellant's grounds
of appeal are well taken.

It appears that the respondent was employed by appellant.
On or about September 12th, 1928, he purchased from the
appellant ten shares of common stock of Frederick Neuberger
& Company, Incorporated, and at that time he and appellant
entered into a written agreement, which was later replaced
by another written agreement, the former having been de-
stroyed. The latter agreement is that which is in evidence

as *Exhibit D-1*. On January 15th, 1929, the respondent agreed to purchase ten additional shares. Thereupon they orally agreed to the arrangement for the sale and purchase of the stock. This arrangement is set out in the writing between the parties dated April 20th, 1929. That was the time when the additional ten shares were actually transferred to the respondent. The agreement was drawn by an attorney-at-law and was a formal document wherein the two parties agreed that the appellant should have the right within a designated period of time to repurchase the twenty shares of stock upon notice. The agreement also fixed the price at which the repurchase should be had. It set forth a scale of three prices, depending upon the time of exercising the option. It also provided that the respondent would not transfer the stock on the books of the company except with the consent of the appellant. By the evidence, it appears that the first contract made at the time the first ten shares of stock were transferred, also contained the same provisions.

The respondent's theory of the case is that the appellant orally agreed at the time of the sale and purchase of the stock (both sales) that he, "the defendant [appellant] would repurchase the said stock from the plaintiff [respondent], in the event and at the time the plaintiff's services with the Frederick Neuberger & Company, Incorporated, should terminate."

The issue thus presented is confined to a very narrow compass. Was this parol evidence admissible? We think that it was not. Respondent contends that the facts in the instant case are controlled by the cases of *Long* v. *Hartwell*, 34 *N. J. L.* 116; *Greenwood* v. *Law*, 55 *Id.* 168; *Huff* v. *Nixon*, 98 *Id.* 481; *Merchants, &c., Co.* v. *Mercer Realty Co.*, 99 *Id.* 442; *Melniker* v. *Winter*, 105 *Id.* 278. Our study of these cases leads us to the conclusion that they do not support the contention of the respondent. The last mentioned case, Melniker *v.* Winter, is the only one referring to repurchase of stock. The only question presented in that case was whether or not the defendant's oral agreement to repurchase the shares of stock, upon which the plaintiff's judgment was

predicated, was enforceable. In that case the uncontradicted testimony was that the defendant said to the plaintiff: "I will give you one hundred shares at $5 a share and I want you to take it. Any time you want your money back, I will give you your $500." The Supreme Court, in an opinion by Mr. Justice Trenchard, held that a privilege given orally to the buyer at the time of purchase of shares of stock to return the stock and receive back the purchase price is not an independent contract of sale, but rather a part of the original contract of purchase by the buyer, by which the buyer's purchase becomes qualified and not absolute, or in the nature of a right to rescind, and was therefore not rendered unenforceable by the provision of section 4 of the "Sale of Goods" act (*Comp. Stat., p.* 4648), which declares that a contract for the sale of goods of the value of $500 or upwards shall not be enforcable unless the buyer shall receive part of the goods, or give something to bind the contract, or in part payment, or unless some note or memorandum in writing is signed by the party to be charged or his agent. If anything this case rather fortifies and strengthens the position of the appellant. If such an undertaking is part of the entire agreement, and that undertaking is provided for in the written agreement between the parties, it cannot now be successfully maintained that it is collateral to and distinct from that to which the very contract in issue relates.

We are clearly of the opinion that the alleged parol agreement for the repurchase of the stock was part and parcel of the writing between the parties. The writing also provided for the control of the stock, *i. e.,* the withholding of the transfer thereof. It appears to us that it would require a construction contrary to the established law of our state (*Naumberg* v. *Young,* 44 *N. J. L.* 331), to hold that an agreement which does provide for the repurchase of the stock may be varied, modified or supplemented by a different, alleged parol agreement concerning the same subject-matter, *i. e.,* the repurchase of the stock.

Our examination of the state of case satisfies us that there is no merit to the contention that it does not contain a record

of the final judgment complained of and to be considered by this court.

Judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.